IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEROME H. WALDHER, JR.                    No. 6:15-cv-02012-HZ

                Plaintiff,            OPINION & ORDER

    v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

Kathryn Tassinari
Brent Wells
Harder Wells Baron & Manning, PC
474 Willamette Street, Suite 200
Eugene, OR 97401

    Attorney for Plaintiff

Billy J. Williams
United States Attorney, District of Oregon
Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Richard Morris
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Jerome Waldher brings this action for judicial review of the Commissioner's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act and Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). The Commissioner's decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI and DIB on March 6, 2009. Tr. 150, 157.[1] His application was denied initially and on reconsideration. Tr. 81-84. On May 18, 2011, Plaintiff appeared, with counsel, for a hearing before Administrative Law Judge (ALJ) John J. Madden, Jr. Tr. 309. On May 26, 2011, ALJ Madden found Plaintiff not disabled. Tr. 372-89. The Appeals Council denied review. Tr. 390.

Plaintiff appealed his case to this Court and, on December 29, 2013, the Honorable Robert E. Jones reversed the Commissioner's decision and remanded the case for further proceedings. Judge Jones found:

> [T]he ALJ did not adequately account for the evidence of Waldher's limitations interacting with coworkers and supervisors and failed to fully develop the record regarding Waldher's intellectual deficits by obtaining historical records. As a result, the ALJ's RFC assessment was flawed and the ultimate conclusion that Waldher can perform

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 13.

work within the limitations of the RFC assessment was not supported by substantial evidence.

Tr. 399. Despite this finding, Judge Jones concluded that the record did not establish that Plaintiff was disabled. Instead, he stated that "enhancement of the record with additional evidence of Waldher's intellectual deficits, proper evaluation of the evidence of his limitations interacting with coworkers and supervisors, and additional vocational expert testimony is necessary before a disability determination can be made." Tr. 399-400. Thus, the case was remanded for further proceedings.

On March 2, 2015, Plaintiff appeared before ALJ Ted W. Neiswanger. Tr. 330. On June 29, 2015, ALJ Neiswanger found Plaintiff not disabled. Tr. 305-324. The Appeals Council did not review the case on its own motion; therefore, the ALJ's decision became the final decision of the agency from which Plaintiff seeks judicial review. 20 C.F.R. § 404.984.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on an intellectual disability. Plaintiff was 38 years old at the time of his alleged onset date. Tr. 150. Plaintiff completed high school. Tr. 338. All of Plaintiff's past relevant work was unskilled. Tr. 316.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, ALJ Neiswanger determined that Plaintiff had not engaged in substantial gainful activity since October 11, 2005, the alleged onset date. Tr. 310. Next, at steps two and three, ALJ Neiswanger determined that Plaintiff has the severe impairment of "mild intellectual

disability." Id. However, ALJ Neiswanger determined that Plaintiff's impairment did not meet or medically equal the severity of a listed impairment. Tr. 311. At step four, ALJ Neiswanger concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> He is able to perform simple routine work tasks. He can have no interaction with the public. He is capable of structured superficial interaction with coworkers. He is limited to low stress work, defined as work with no persuasive communication tasks; no teamwork tasks; no fast-paced production pace work; and few changes in the work setting.

Tr. 313. ALJ Neiswanger concluded that Plaintiff is unable to perform any past relevant work. However, at step five, ALJ Neiswanger found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "cleaner commercial/institutional," "warehouse worker," and "sweeper/cleaner industrial." Tr. 317. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 318.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the

Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

## DISCUSSION

The parties agree that ALJ Neiswanger's decision is not supported by substantial evidence. The parties agree that ALJ Neiswanger erred by (1) failing to craft an RFC that incorporates Plaintiff's limitations regarding his ability to respond appropriately to supervision or stay on task; (2) failing to address the testimony of Plaintiff's mother; and (3) failing to give clear and convincing reasons for rejecting Plaintiff's testimony. The parties disagree on whether the Court should remand the case for an award of benefits or for further proceedings. The Court agrees that ALJ Neiswanger's decision is not supported by substantial evidence. However, because the record has not been fully developed and doubts remain as to whether Plaintiff is, in fact, disabled, the Court remands for further proceedings.

I.        **Plaintiff's Response to Supervision and Ability to Stay on Task**

The parties agree that ALJ Neiswanger's residual functional capacity (RFC) assessment failed to address Plaintiff's limitations in interacting with supervisors, as reflected in the medical evidence and the testimony of Plaintiff and Plaintiff's mother. In addition, Plaintiff argues that ALJ Neiswanger failed to address how Plaintiff's moderate limitations in concentration, persistence, and pace affect his ability to perform simple, routine tasks.

Joshua Boyd, Psy.D., conducted a psychological evaluation of Plaintiff on September 7, 2007. Tr. 235. Dr. Boyd observed that Plaintiff's behavior was odd and "[h]is presentation and demeanor seemed more consistent with a 13 to 14 year old child." Tr. 237. Dr. Boyd noted that, based on Plaintiff's self-report, it appeared that Plaintiff lacked social judgment regarding appropriate behavior at work. Id. Plaintiff reported getting in trouble at work due to talking and praying in a disruptive way. Id. Dr. Boyd concluded that Plaintiff's ability to interact with others was "moderately impaired." Tr. 238.

On April 18, 2009, Plaintiff was examined by Douglas Smyth, Ph.D., who concurred with Dr. Boyd's assessment that Plaintiff's social functioning was at an adolescent level. Tr. 264. Dr. Smyth opined that Plaintiff's social skills were "less than age appropriate," Tr. 264, and his interpersonal skills were "modest and immaturely developed," Tr. 266. Dr. Smyth provided a rule-out diagnosis of "intermittent explosive disorder" and "borderline intellectual functioning." Tr. 266. He provided a provisional diagnosis of mild mental retardation "inasmuch as there is no accompanying documentation supporting this diagnosis and test scores fall into a range where a case could also be made for borderline intellectual functioning." Id.

Agency psychologist Sandra Lundblad reviewed Plaintiff's case record on April 27, 2009. Tr. 274. She opined that a diagnosis of borderline intellectual function was "appropriate" because there was no evidence to support a diagnosis of mental retardation prior to age 22. Tr. 286. Based on her review of Plaintiff's records, she indicated that he was not significantly limited in his ability to accept instructions and respond appropriately to criticism from supervisors. Tr. 289.

Plaintiff's mother, Ms. Waldher, testified at the administrative hearing before ALJ Madden in 2011. Tr. 43. According to Ms. Waldher, Plaintiff was "fine" with authority figures or

supervisors as long as they were nearby, giving him instructions. Tr. 51. However, she said if they moved away then Plaintiff had trouble remembering what he was supposed to do or how he was supposed to do it. Id. She also testified that he had been fired from jobs because he was preaching during work. Tr. 52. In addition, Ms. Waldher testified that Plaintiff does not handle stress well and that he loses his temper, gets "real loud," and "blows his top." Tr. 53.

Judge Jones found that the medical opinions in the record suggested "significant deficits in social functioning that would make appropriate interactions with coworkers and supervisors difficult." Tr. 398. Judge Jones directed the ALJ on remand to conduct a proper evaluation of the evidence of Plaintiff's limitations interacting with coworkers and supervisors. Tr. 400.

In between the time of Judge Jones' decision and the administrative hearing on remand, Plaintiff obtained a second consultative psychological report from Dr. Smyth. Tr. 517. On October 7, 2014, Dr. Smyth conducted another evaluation of Plaintiff and reviewed test results, his earlier report, and Dr. Boyd's report. Tr. 517. Dr. Smyth noted that, while Plaintiff's attention span during the testing and interview was within normal limits, "he appeared easily sidetracked in conversation." Tr. 521. Dr. Smyth wrote that Plaintiff's "[p]ersistence and pace appeared modestly compromised secondary to distractibility and tangentiality." Tr. 522.

According to Dr. Smyth, Plaintiff's interpersonal skills "appeared underdeveloped." Tr. 522. The results of Dr. Smyth's evaluation were consistent with diagnoses of "intellectual disability, mild severity across conceptual, social, and practical domains, provisional diagnosis" and "attention-deficit/hyperactivity disorder, predominantly inattentive presentation, mild severity." Tr. 522. However, Dr. Smyth clarified that the diagnoses were only provisional because there was a lack of historical documentation. Tr. 523. In addition, Dr. Smyth found

8 - OPINION & ORDER

insufficient evidence in the 2014 evaluation to support a diagnosis of intermittent explosive disorder or impulse-control disorder.

ALJ Neiswanger assigned "substantial weight" to the assessments of Drs. Smyth, Boyd, and Lundblad. Tr. 316. He concluded that the doctors' assessments showed that Plaintiff "functions intellectually/cognitively in the mild intellectual disability range." Id. ALJ Neiswanger acknowledged the doctors' assessed limitations in Plaintiff's ability to interact with others. Id. ALJ Neiswanger also limited Plaintiff to simple, routine work tasks and noted that Plaintiff needs a low-stress work environment. Id.

In crafting the RFC on remand, ALJ Neiswanger found that Plaintiff was limited to "simple routine work tasks," "structured superficial interaction with coworkers" and "no teamwork tasks." Tr. 313. However, ALJ Neiswanger failed to address the impact of Plaintiff's social functioning deficits on his ability to interact with supervisors. He also failed to incorporate Plaintiff's limitations in concentration, persistence and pace. See Brink v. Comm'r Soc. Sec. Admin., 343 F. App'x 211, 212 (9th Cir. 2009) (unpublished) (restriction to "simple, repetitive work" did not encompass difficulties with concentration, persistence, or pace); see also Lubin v. Comm'r of Soc. Sec., 507 Fed. Appx. 709, 712 (9th Cir. 2013) (unpublished) (finding the ALJ erred by accepting the claimant had limitations as to concentration, persistence, or pace and then failing to include such limitations in the RFC and the hypothetical questions to the vocational expert).[2] In sum, the ALJ erred by creating an incomplete RFC.

---

[2] Although Brink and Lubin are unpublished decisions by the Ninth Circuit, and therefore do not establish precedent, they are indicative of how the court would rule in a published opinion. Lee v. Colvin, 80 F. Supp. 3d 1137, 1150 (D. Or. 2015) (citing Saucedo v. Colvin, No. 6:12–CV–02289–AC, 2014 WL 4631225, slip op. at *17 (D.Or. Sept. 15, 2014)).

## II. Ms. Waldher's Testimony

In addition to the portions of Ms. Waldher's testimony described above, Ms. Waldher noted serious limitations in Plaintiff's social functioning and in concentration, persistence, and pace. Ms. Waldher testified that Plaintiff attended special education classes in high school due to his temper and lack of control. Tr. 44. Plaintiff had been in trouble with the police due to praying too loudly in his apartment. Tr. 50. He also had gotten into trouble due his desire to proselytize in public and his sense that strangers bully and persecute him. Tr. 50-51.

ALJ Madden accepted Ms. Waldher's testimony "as descriptive of [her] perceptions," however, ALJ Madden found that it did not alter his RFC. Tr. 380. ALJ Madden also stated that "[t]he behavior observed and/or alleged by [Ms. Waldher] is not fully consistent with the medical and other evidence of record." Id. Judge Jones, on the other hand, acknowledged Ms. Waldher's testimony and opined that it strongly suggested that Plaintiff's intellectual deficits were "life long." Tr. 399. However, on remand, ALJ Neiswanger did not address Ms. Waldher's testimony at all.

ALJ Neiswanger should have credited Ms. Waldher's testimony or given germane reasons to discount her opinion. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053–54 (9th Cir. 2006) (to discount lay witness opinion evidence, an ALJ must "give reasons germane to each witness"). Because he did neither, the Commissioner concedes that ALJ Neiswanger erred.

## III. Plaintiff's Credibility

The parties, and this Court, also agree that ALJ Neiswanger erred in his consideration of Plaintiff's credibility.

At the hearing in front of ALJ Neiswanger, Plaintiff testified that he has lost jobs as a result of conflict with coworkers. E.g., Tr. 353. Plaintiff also testified that he has yelled at and

threatened coworkers. Tr. 354. In addition, Plaintiff testified that he has gotten in trouble at work for preaching about his religion. Tr. 357. He also stated that he has gotten in trouble at work due to an inability to keep up with the pace of the work. Tr. 361.

Plaintiff testified that he has bad judgment regarding appropriate ways of reacting to other people. Tr. 356. Plaintiff testified regarding conflict with his brother and noted that his parents have called the police on Plaintiff. Tr. 357.

ALJ Neiswanger stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [alleged by Plaintiff] are not entirely credible for the reasons explained in this decision." Tr. 313. However, ALJ Neiswanger failed to provide any specific reasons in the decision.

The Ninth Circuit recently explained that an ALJ errs by stating only a general, nonspecific finding regarding credibility after simply reciting the medical evidence. Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Here, the ALJ simply provided a summary of the medical evidence and a general, unexplained conclusion regarding Plaintiff's credibility. The ALJ failed to identify which of Plaintiff's complaints were at issue, leaving this court unable to meaningfully review the decision. Thus, the ALJ's decision to discount Plaintiff's credibility is not supported by substantial evidence. See Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'").

11 - OPINION & ORDER

### IV.     Remand for Further Proceedings

The Court finds that the ALJ failed to craft an RFC that incorporates Plaintiff's limitations regarding his ability to respond appropriately to supervision or stay on task; failed to address the testimony of Plaintiff's mother; and failed to give clear and convincing reasons for rejecting Plaintiff's testimony. Therefore, the ALJ's conclusion regarding Plaintiff's disability is not supported by substantial evidence. The Court vacates the ALJ's decision.

The question remains, however, whether to remand the case for further proceedings or for an award of benefits. See Reddick, 157 F.3d at 728 (decision is within the discretion of the Court). The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Garrison, 759 F.3d at 1020. Even if the "credit-as-true" criteria are met, the court retains the "flexibility" to remand for further proceedings where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021.

The Court agrees with the Commissioner that the record is not fully developed and doubts remain as to whether Plaintiff is, in fact, disabled. First, the extent and effect of Plaintiff's ability to interact with supervisors is not fully developed in the record. Plaintiff argues that the VE already addressed the issue of Plaintiff's limitations. ALJ Neiswanger asked the VE about a hypothetical person with a tendency to react inappropriately to criticism or supervision such that he would have episodes of yelling or making threats. Tr. 366. While the VE testified that such

12 - OPINION & ORDER

behavior would not be tolerated, the record is not conclusive that Plaintiff would, in fact, have such behavior with supervisors. Dr. Boyd noted moderate impairments in Plaintiff's ability to interact with others and stated that he lacked social judgment regarding appropriate behavior at work. Tr. 237. However, any notations by Dr. Boyd of Plaintiff's disruptive behavior at work were based on Plaintiff's own reports. Dr. Smyth opined that Plaintiff had underdeveloped social skills, yet he did not make findings regarding the extent of Plaintiff's ability to interact with supervisors. Tr. 264-66. And Dr. Lundblad concluded that Plaintiff was not significantly limited in his ability to accept instructions and respond appropriately to criticism from supervisors. Tr. 289. Plaintiff does not challenge either ALJ's decision to award substantial weight to these three medical opinions. He also does not address the opinion of non-examining psychologist Paul Rethinger, Ph.D., who concluded that Plaintiff would be "responsive to supportive lay supervision (not overly harsh, critical style)." Tr. 256.

In addition, an evaluation of the record as a whole creates doubt that Plaintiff is disabled. Questions remain about the credibility of Plaintiff and Ms. Waldher due to inconsistent statements throughout the record. Plaintiff repeatedly alleged that his vision is limited; however, Ms. Waldher testified that Plaintiff would use a library computer to send email. Tr. 56, 349. Plaintiff told Dr. Boyd that he had a driver's license, Tr. 236, yet two years later he denied ever having a license, although he stated he once had a permit, Tr. 264. See also Tr. 51 (Plaintiff testifying that he had been a dangerous driver because of his vision). In addition, Plaintiff and Ms. Waldher provided inconsistent statements regarding whether and when he had been in special education classes, why he was placed in those classes, and whether he graduated high school with a regular diploma. Tr. 44, 236, 263, 338-39.

The inconsistencies in the statements of Plaintiff and Ms. Waldher raise doubts as to the credibility of their testimony. And because their testimony is central to a potential finding of disability in this case, the Court thus has doubts as to whether Plaintiff is disabled.

In Burrell v. Colvin, the Ninth Circuit Court of Appeals provided guidance on how to decide whether to remand a case for an award of benefits or further proceedings. 775 F.3d 1133, 114-42. In Burrell, the Court reviewed the facts of the case and concluded that "[v]iewing the record as a whole . . . Claimant may be disabled." Id. However, the record also contained cause for serious doubt. Id. at 1142. When faced with the existence of both of those circumstances, the Ninth Circuit remanded the case for further proceedings. See also Garrison, 759 F.3d at 1021 ("Thus, when we conclude that a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, Connett allows flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

As in Burrell, Plaintiff here may be disabled. However, the record also contains cause for serious doubt and, thus, this Court must remand the case for further proceedings. The ALJ on remand must conduct a thorough evaluation of Ms. Waldher's and Plaintiff's credibility and assess whether to credit the allegations concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms. In addition, the ALJ must develop the record regarding whether a limitation on interaction with supervisors and ability to stay on task should be incorporated into the RFC and, if so, whether there are still jobs that Plaintiff could perform.

///

## CONCLUSION

The Commissioner's decision is reversed and remanded for further administrative proceedings.

IT IS SO ORDERED.

Dated this \_\_12\_\_ day of \_\_December\_\_, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge
15 - OPINION & ORDER